IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jack L. DeLong, | Case No. 4:12 CV 2572 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Warden J. Coakley, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Jack DeLong filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in October 2012 (Doc. 1). Petitioner was in federal custody at the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton") when he filed this action and named FCI-Elkton Warden J. Coakley as Respondent. A search of the Federal Bureau of Prisons website indicates Petitioner is now incarcerated at the federal correctional facility in Milan, Michigan. *See* http://www.bop.gov/iloc2/LocateInmate.jsp (last visited May 8, 2013).

Petitioner alleges a case manager at FCI-Elkton interfered with his request for a prison transfer. He argues her actions violated his right to due process. Petitioner now seeks this Court's intervention to protect his rights. For the reasons set forth below, the Petition is dismissed as moot.

### BACKGROUND

Petitioner is serving a 120-month sentence for a conviction of possessing cocaine with an intent to distribute in the U.S. District Court for the Western District of Missouri. *United States v. DeLong*, No. 4:06-CR-281, Doc. 29. As alleged in his Petition, Petitioner was incarcerated in a prison

camp at the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown") when an investigative supervisor cited him for introducing contraband into the facility (Doc. 1 at 4). As a result, Petitioner was placed in a special housing unit at FCI-Morgantown (*id.*). Rather than returning to the prison camp at FCI-Morgantown, Petitioner was then transferred to FCI-Elkton. He alleges FCI-Morgantown never completed an incident report regarding the contraband and his transfer to FCI-Elkton (*id.*).

At FCI-Elkton, Petitioner was cited with two violations of prison regulations, which caused the Bureau of Prisons to increase his management variable effective May 22, 2012 (Doc. 1-1 at 5). According to a June 2012 letter from the warden at FCI-Elkton, in September 2010, Petitioner was found guilty of possessing gambling paraphernalia in the form of betting slips and stamps valued at $1,217, and in August 2010, he was found guilty of possessing an unauthorized item when he was found in possession of stamps valued at $510 (*id.*). As a result of these infractions, Petitioner was assigned a greater security management variable, which delineates his security classification and the type of prison suitable for incarcerating him (*id.*). Because Petitioner required enhanced security needs, his June 2012 request that he be transferred to a prison "closer to home" was denied by the FCI-Elkton warden (*id.*). His enhanced management variable is scheduled to expire on May 22, 2014 (*id.*).

Notwithstanding the June 2012 letter from the warden explaining why Petitioner's transfer request was denied, Petitioner alleges his case manager at FCI-Elkton actively interfered with his attempts to seek a prison transfer (Doc. 1 at 4–5). Petitioner alleges that in April 2012, his case manager advised him that his request to transfer back to FCI-Morgantown was processed (*id.* at 4). When she later stated the request was denied, Petitioner questioned on what basis the Bureau of

2

Prisons denied his request (*id.*). According to Petitioner, his case manager was "unwilling" to provide him an explanation (*id.*). Petitioner alleges that his case manager "came clean and asserted she had never sent it [the transfer request] off" (*id.*). Petitioner further claims his case manager is responsible for placing the management variable on his security classification, not his infractions at FCI-Morgantown and FCI-Elkton. Petitioner protested the decision arguing no incident report was ever issued at FCI-Morgantown; therefore, he reasons he has no disciplinary record at that prison camp. Petitioner has since requested a copy of his records from FCI-Morgantown to substantiate his claim.

Petitioner now seeks this Court's assistance. He states that he plans to enroll in a Life Connection Program, a spiritually based program designed to permit him to reconcile with his victims, but is concerned his case manager at FCI-Elkton will attempt to interfere with the processing of his enrollment (Doc. 1 at 5).

Finally, he asserts his management variable should expire after two years under Bureau of Prisons policy. Without offering much detail, he concludes that the Bureau of Prisons "must follow its own policy," and challenges the underlying placement of the management variable, as well as the fact that it should no longer apply.

### STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent

3

standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

## DISCUSSION

### Jurisdiction Under Section 2241

Whether a habeas petitioner is in custody for purposes of Section 2241 is determined at the time the petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Courts' habeas jurisdiction is premised on "the person having custody of the person detained," 28 U.S.C. § 2243, requiring this Court to have personal jurisdiction over the prisoner's custodian, the warden. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") When Petitioner filed this action, he was incarcerated at FCI-Elkton, a facility located within this Court's geographical jurisdiction. Thus, the matter was properly filed in this Court, and this Court continues to have jurisdiction over the Petition, even though Petitioner has since been transferred to the federal prison in Milan, Michigan, which is outside this Court's geographic reach.

### Mootness

Although a prison transfer does not destroy a petitioner's "in custody" status for habeas purposes, mootness is a separate issue. *See, e.g.*, *Ward v. Huron Cnty. Circuit Judge Knoblock*, 738

F.2d 134, 138–39 (6th Cir. 1984) (issues of custody and mootness are distinct). A claim does not become moot until the petitioner's personal interest in the outcome of the case is extinguished before the court has even rendered a judgment. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397(1980). While Petitioner argues his case manager at FCI-Elkton violated his right to due process by placing a management variable on his security classification, the resulting injury is that it "now deprived Petitioner from a transfer" (Doc. 1 at 4).

Because Petitioner has been transferred from FCI-Elkton, his request for relief is moot. Even if he were arguing Respondent interfered with his right to be transferred to a particular prison, that right does not exist. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (transfers and prison assignments are functions wholly within the discretion of the Bureau of Prisons). Prisoners generally have no due process liberty interest in their placement or classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), or that the Government's action "will inevitably affect the duration of his sentence," *id*. at 487. Petitioner has made neither showing.

## CONCLUSION

Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted. And, for the foregoing reasons, the Petition (Doc. 1) is dismissed as moot pursuant to 28 U.S.C. § 2243. Further, this Court certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 9, 2013

5